FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JAN 20 AM 9: 50

CLERK _L. Zebulon_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LOUIS B. PHIPPS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 305-079 |
| | ) | |
| TIMOTHY WARD, Warden; | ) | |
| JOHNSON STATE PRISON; | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at Johnson State Prison, brought the captioned petition (ostensibly brought pursuant to 28 U.S.C. § 2241) to challenge a decision of the Georgia State Board of Pardons and Paroles ("the Board") to withdraw its tentative grant of parole. (Doc. no. 2). Respondents argue that the instant petition should be dismissed as untimely or, in the alternative, for failure to exhaust state court remedies. (Doc. no. 8). For the reasons herein, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that the instant petition be **DISMISSED**, and that this action be **CLOSED**.

### I.   BACKGROUND

Following a jury trial, Petitioner was convicted of involuntary manslaughter and cruelty to children on March 30, 1990, by the Superior Court of Richmond County, Georgia. Resp.'s Ex. 1. Petitioner was sentenced to fifteen years of imprisonment, to be followed by fifteen years on probation. Id. Petitioner appealed his conviction; the Georgia Court of Appeals affirmed. See generally Phipps v. State, 203 Ga. App. 128, 416 S.E.2d 319 (1992). On January 19, 2000, the Board issued Petitioner a tentative certificate of parole which would release

Petitioner on January 24, 2000. Resp.'s Ex. 2. Later that same day, the Board determined that parole would not be "compatible with the welfare of society" and rescinded its decision. Resp.'s Exs. 3, 4. Under O.C.G.A. § 42-9-42(c), the Board may not parole an inmate unless it finds a "reasonable probability" that release will be "compatible with the welfare of society." Also, under Georgia State Board of Pardons and Paroles Rule 475-3-.04, the Board has unfettered discretion to withdraw any form of relief it grants if it "believes it to be in the public interest to do so." Resp.'s Ex. 5.

Following the Board's decision to rescind its parole determination,[1] Petitioner filed a petition for writ of mandamus in the Superior Court of Fulton County, Georgia, on September 10, 2001. Resp.'s Ex. 6. Petitioner contended, *inter alia*, that the Board acted improperly by: 1) rescinding its parole determination without giving him due process or a hearing, and 2) failing to follow Georgia statutes which provide for parole procedures and standards. Id. On February 1, 2002, the state court dismissed the petition, explaining that the act Petitioner sought to compel was discretionary. Resp.'s Ex. 7. Petitioner sought discretionary review from the Georgia Supreme Court, which denied his application on April 24, 2002. Resp.'s Ex. 8.

More than a year later, Petitioner filed a petition for writ of habeas corpus in the Superior Court of Baldwin County on February 19, 2004. Resp.'s Ex. 9. The petition was dismissed on February 3, 2005. Resp.'s Ex. 10. Petitioner then executed the instant federal petition for writ of habeas corpus on April 21, 2005. (Doc. no. 2, p. 6). Petitioner argues that his confinement violates the Due Process and Equal Protection Clauses of the Constitution.

---

[1] It should be noted that Petitioner was never released from prison.

(See generally id.). He requests immediate release. (Id. at 11).

Respondents contend that the instant petition is time-barred by the one-year statute of limitations applicable to petitions brought pursuant to 28 U.S.C. § 2254. (Doc. no. 10, pp. 4-8). Respondents also submit that because none of Petitioner's claims have been denied on the merits in state court, the instant petition should be dismissed for failure to exhaust. (Id. at 9-10). The Court resolves the matter as follows.

## II.  DISCUSSION

As the Court has already noted (see doc. nos. 3, 6), habeas petitions filed in federal court challenging state parole revocations are subject to the requirements for filing § 2254 petitions, including the applicable one-year statute of limitations. See Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004)(*per curiam*). More importantly, the Eleventh Circuit has explained that whenever a prisoner is in custody pursuant to a state court judgment, his federal petition is subject to § 2254. Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). That is the case here--Petitioner is serving a sentence imposed by a state court. Thus, the instant petition is subject to all the requirements applicable to § 2254 proceedings. Thomas, 371 F.3d at 787 ("There is no merit to Appellant's argument that § 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings.").

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a

writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondents argue that Petitioner's AEDPA clock began running when the Board rescinded its parole determination on January 19, 2000, as this date constituted "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[2] 28 U.S.C. § 2244(d)(1)(D). If Respondents are correct, the instant petition is clearly time-barred. Even assuming that each of Petitioner's actions in state court were "properly filed" applications for post-conviction or collateral review which stopped Petitioner's AEDPA clock, see 28 U.S.C. § 2244(d)(2), Petitioner's one-year period expired before he executed the instant federal petition. Petitioner took no action in

---

[2] It should be noted that even if § 2244(d)(1)(A), rather than § 2244(d)(1)(D), applies to the instant petition, January 19, 2000, would likely remain the operative date for AEDPA purposes. Under Georgia law, no direct appeal lies from the Board's decisions. See, e.g., Williams v. Lawrence, 273 Ga. 295, 540 S.E.2d 599 (2001). Thus, the Board's decision became final immediately. (Petitioner has outlined no reason to suppose that § 2244(d)(1)(B) or (C) apply to this case.)

4

state court between January 2000, when the Board rescinded its decision, and September 2001, when he filed his petition for mandamus relief. Nor did Petitioner seek relief in state court between April 2002 and February 2004. During the periods in which no state court action was pending, Petitioner's AEDPA clock was running. See Stafford v. Thompson, 328 F.3d 1302, 1303 (11th Cir. 2003)(*per curiam*)(holding that one-year statutory period is tolled during pendency of state habeas filing, but "[t]he days when nothing [is] pending [do] count toward the one-year limitation period").

Given these facts, it is obvious that the instant petition is untimely.[3] Simply put, regardless of the exact date upon which Petitioner's AEDPA clock began running, his inaction between 2002 and 2004 compels the conclusion that his federal petition is time-barred. Furthermore, even if the instant petition were not time-barred, Petitioner's case would still suffer from a more fundamental problem.

In most cases in which a state prisoner challenges the decision of a parole board, he has been released and his parole is subsequently revoked. See, e.g., Chatman, 393 F.3d at 1353. That is not the case here. In the case *sub judice*, the Board rescinded its tentative parole date of January 24, 2000, on January 19, 2000. Petitioner was never released or officially paroled. "Until a parole is finalized, no constitutional protections associated with a parole revocation embrace the intended parolee." Sexton v. Wise, 494 F.2d 1176, 1178 (5th Cir. 1974).[4] Simply

---

[3] The Court is aware that the period of limitations may be equitably tolled in certain circumstances; however, Petitioner has not shown any entitlement to this extraordinary remedy. Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), cert. denied, 538 U.S. 947 (2003).

[4] In Bonner v. Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*).

5

put, because Petitioner was never officially paroled, the Board's action did not amount to a revocation.

As a result, the Board's decision to rescind its parole determination did not implicate Petitioner's constitutional rights. It is a well-settled principle of Georgia law that the Board's decisions regarding parole are discretionary. See, e.g., Justice v. State Board of Pardons & Paroles, 234 Ga. 749, 751, 218 S.E.2d 45, 46 (1975). The Eleventh Circuit has also explained that Georgia prisoners have no protected due-process liberty interest in parole; nor is there is any constitutional right to parole. Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001)(*per curiam*)(citing Sultenfuss v. Snow, 35 F.3d 1494, 1501-03 (11th Cir. 1994)(*en banc*)). In short, the Board's decision to rescind its parole determination was discretionary and did not trigger any constitutional protections. As a result, Petitioner's claims are not cognizable, and the Court cannot afford him the relief he seeks. In sum, the instant petition should be dismissed, and the Court need not reach Respondents' exhaustion argument.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss (doc. no. 8) be **GRANTED**, that the instant petition be **DISMISSED**, and that this action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 20th day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE